UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
APR 03 2006

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JORGE SANTAMARIA-HERNANDEZ | CIV 05-4019 |
| Petitioner, | |
| -vs- | **MEMORANDUM OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Jorge Santamaria-Hernandez, filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct the sentence imposed on him in CR 04-40057. Doc. 1. The Government responded and requested that the Court deny the relief sought by Petitioner. Doc. 7. Petitioner submitted a reply to the Government's response. Doc. 8. For the reasons set forth in this Memorandum Opinion, the Petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2004, the Government filed a one-count Indictment charging Petitioner with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The maximum penalty for this charge was 2 years of imprisonment, a $250,000 fine and one year of supervised release. On June 9, 2004, the Government filed a notice of sentencing enhancement under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1) on the ground that Petitioner had been previously convicted of attempt to commit murder. 8 U.S.C. § 1326(b)(2) provides a maximum sentence of twenty years if the alien has an earlier aggravated felony conviction. On June 24, 2004, Petitioner filed a Petition to Enter a Guilty Plea to the charge in the Indictment. In this Petition, Petitioner responded to the question regarding the maximum term of imprisonment, by writing "20 years imprisonment, $250,000 fine." Petitioner responded in the affirmative to the questions in the Petition of whether he had enough time to talk to his attorney and whether he was satisfied with the job his attorney had done for him.

At the change of plea hearing, Petitioner was advised that the maximum penalty for the

charge against him was 20 years of imprisonment and a $250,000 fine. Prior to sentencing, Petitioner's counsel submitted a Sentencing Memorandum in which he contended that the 16-level enhancement of his offense pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and that a criminal history point should not have been awarded for a misdemeanor assault charge which counsel contended had occurred more than ten years before the illegal reentry charge. At the sentencing hearing, the Court found a total offense level of 21, a criminal history category of III and a guideline range of 46-57 months. The Court sentenced Petitioner to 42 months of imprisonment and one year of supervised release.

In his Petition under 28 U.S.C. § 2255 Petitioner contends that he received a 16-point enhancement in violation of the Sixth Amendment and the holding in *United Sates v. Booker*, 543 U.S. 220 (2005), because he did not have the benefit of having a jury of his peers decide the facts regarding the 16-level enhancement for the prior aggravated felony. Petitioner also contends that his attorney provided ineffective assistance of counsel by not adequately arguing his position with regard to the enhancement.

In *United States v. Cerna-Salguero*, 399 F.3d 887 (8th Cir. 2005), the defendant argued that 8 U.S.C. § 1326(b)(2) is a separate crime and that he had a Sixth Amendment right to a jury trial for violating and being sentenced under the statute. The Eighth Circuit, in rejecting this argument, relied on the case of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the Supreme Court had rejected the same Sixth Amendment argument presented by the defendant in *Cerna-Salguero*. The Eighth Circuit noted that the Supreme Court declined to revisit *Almendarez-Torres* in *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The Eighth Circuit also noted that the Supreme Court had determined subsequent guideline cases, including *United Sates v. Booker*, 543 U.S. 220 (2005), and did not overrule *Almendarez-Torres*. 399 F.3d at 887-888. For the reasons set forth in *United States v. Cerna-Salguero*, 399 F.3d 887 (8th Cir. 2005), this Court rejects Petitioner's claims of a Sixth Amendment violation and of ineffective assistance of counsel for counsel having not successfully presented the Sixth Amendment claim. Accordingly,

**IT IS ORDERED:**

(1) that Petitioner's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is hereby denied; and

(2) that a Certificate of Appealability is denied in this case.

Dated this **31ST** day of March, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Marqulee*
    (SEAL)       DEPUTY